### GROSSMAN et v
### ENDICOTT-JOHNSON CORPORATION

Ohio Appeals, 7th Dist, Mahoning Co

Decided Oct 16, 1931

Morris Mendelssohn, Youngstown, for plaintiffs in error.

Messrs. Nadler & Nadler, Youngstown, for defendant in error.

FARR, J.

POLLOCK, J.

The only question in this case is whether or not when property is set off to a husband or wife as exempt from levy and sale in lieu of a homestead, it can be levied on or taken from any one to whom it may be sold in bulk under the bulk sales act. The plaintiff below could not have taken this property away from Anna Grossman by execution or any other way. It had been set off to her by proper court proceeding as exempt and she had a right to sell it in any way she pleased. It was not then property in retail trade but exempt property. She could sell it at retail or in bulk. She did sell it, as she claims, to her daughter.

In the case of **Tracy v Cover, 28 Oh St, 61,** the court held:

"Where a debtor, being the head of a family, and having no homestead, and being possessed only of personal property, not exceeding in value the amount which the law allows to be held exempt from execution, in lieu of a homestead, makes a colorable or pretended sale of such property, for the purpose of placing the same beyond the reach of creditors, the judgment creditors of such debtor do not thereby acquire a right to levy on and sell such property, in disregard of the claim of the debtor, properly made, to hold the same exempt from execution."

The difference between that case and this is that in that case the property before this sale had actually been set off to Mrs. Grossman as exempt from levy and sale in lieu of a homestead. Execution could not be levied on it in her name while she possessed it and it could not be taken from the purchaser under the bulk sales act.

The judgment of the court below is reversed and final judgment entered in favor of plaintiffs in error.

ROBERTS and FARR, JJ, concur.